## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| AMANDA DHANANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:10-cv-1082 |
| vs. | ) | |
| | ) | |
| COMMERCIAL RECOVERY | ) | |
| SYSTEMS, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, AMANDA DHANANI, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Findlay, Ohio.

4.　　　Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.　　　At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.　　　On information and belief, Defendant is a corporation of the State of Texas, which is not licensed to do business in Ohio and which has its principal place of business in Dallas, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.　　　On or about December 7, 2009, Defendant sent a letter to Plaintiff in an attempt to collect the aforementioned alleged debt.

8.　　　On or about December 9, 2009, Defendant's representative, who identified himself as Ray Clopp ("Clopp"), left a message for Plaintiff at her place of employment, falsely stating the call was regarding a "case being filed with the County Clerk's Office" and further, disclosing that Plaintiff owed an alleged debt.

9.　　　On information and belief, to date, Defendant has not filed a lawsuit against Plaintiff with regard to the alleged debt.

10.　　　On or about December 9, 2009, Clopp contacted Plaintiff by telephone and stated that if she did not pay the debt within one week, Plaintiff's wages would be garnished, thus overshadowing the thirty-day dispute and validation period provided to Plaintiff under 15 U.S.C. § 1692g(b).

11.     Clopp's statements also threatened legal action that was never intended to be taken given the fact to date, that no lawsuit has been filed against Plaintiff by Defendant.

12.     During the aforementioned telephone conversation with Plaintiff, Clopp further stated that he was calling from an attorney's office.

13.     Clopp also stated to Plaintiff that she was committing a crime by not paying the alleged debt and that property seizure and/or a lien could also result from non-payment.

14.     On or about December 9, 2009, Plaintiff informed Clopp that she was not permitted to receive personal calls at her place of employment.

15.     Nonetheless, Clopp subsequently continued to place telephone calls to Plaintiff while she was at work.

16.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.     Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    b.     Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

    c.     Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

    d.     Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

e.    Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

f.    Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

g.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

h.    Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

i.    Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

j.    Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b); and

k.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

17.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, AMANDA DHANANI, respectfully prays for a judgment against Defendant as follows:

     a.     Statutory damages of $1,000.00 for each violation of the FDCPA;

     b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

     c.     Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

18.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

19.     Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

20.     Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

21.     Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

22.     Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

23.     Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

24.     As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limit4d to the categories of damages described above.

WHEREFORE, Plaintiff, AMANDA DHANANI, respectfully prays for a judgment against Defendant as follows:

      a.      $200 statutory damages for each violation of the OCSPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
dlevin@attorneysforconsumers.com